431 A.2d 1070

**Donna Marie NICOLAIS**

v.

**James NICOLAIS, Appellant.**

Superior Court of Pennsylvania.

Argued April 20, 1981.

Filed July 2, 1981.

Robert J. Borthwick, Scranton, for appellant.

Lawrence A. Durkin, Scranton, for appellee.

Before WICKERSHAM, MONTEMURO and WATKINS, JJ.

WATKINS, Judge:

This is an appeal by the respondent-husband from an order of the Court of Common Pleas of Lackawanna County in a support action directing the payment of $35.00 per week for the support of each of his three children and the sum of $65.00 per week for the support of the wife for a total support order of $170.00 per week.

Appellee initiated this action in the Family Court, Domestic Relations Section of the Court of Common Pleas of Lackawanna County seeking support of herself and the three children of her union with the respondent. A pretrial conference was held before a Domestic Relations Officer where both parties were interviewed and various information sought from each of them. No agreement was reached during the pre-trial conference and the Domestic Relations Office then sent the matter to the Court of Common Pleas for a hearing. The Domestic Relations Office also made a recommendation to the court as to the amount of the support order.

On October 17, 1980 the instant case was scheduled for hearing before the court below. The appellant appeared accompanied by his attorney, a Brian Cali. The appellee was also represented by counsel. Both appellant's and appellee's counsel entered the chambers of the court below while the parties remained outside. After the conference between the parties' attorneys and the court both appellant

and appellee were informed by their respective attorneys that the support order would be $170.00 per week made retroactive to October 2, 1979, the date appellee initiated the support action.

Appellant now appeals the order of the court of October 17, 1980. He claims that he was denied his right to procedural due process because he was not afforded the right to cross-examination of witnesses or to be heard himself. Appellant is now represented by new counsel.

Appellee argues that the instant appeal should be quashed on the grounds of untimeliness and because appellant has appealed from an order of court of December 10, 1980 rather than from the October 17, 1980 order of Court. The record reveals that a proceeding was held before the court below on December 10, 1980. At said proceeding a transcript was made; the only stenographically recorded transcript contained in the record. It reveals that counsel for both parties attended the proceeding. The court then recounted the aforementioned history noting the fact that appellant now had new counsel. The court then related that appellant's new counsel had approached the court in chambers, informed the court that he had been retained to appeal the October 17, 1980 order of court, and suggested to the court that the said order be vacated so that a full hearing could be held on the support matter. The court below then vacated the October 17, 1980 order by a subsequent order of November 13, 1980 which was within the appropriate appeal period. Appellee's counsel, when informed of the November 13, 1980 order protested that he had not been given the opportunity to object to it. The court then vacated its November 13, 1980 order. This order was made on the record on December 10, 1980. Said transcript also reveals that the court and the parties agreed that appellant would have until December 15, 1980 to perfect his appeal to this court. He filed his Notice of Appeal on December 15, 1980.

■ Appellee asserts that the appeal should be quashed because appellant failed to appeal from the October 17, 1980 Support Order but instead appealed from the December 10,

1980 Order of Court which vacated the November 13, 1980 Order of Court which, in turn, had vacated the support order of October 17, 1980. We do not agree. A lower court may not extend the period of time in which party may perfect an appeal to an appellate court. *42 Pa.C.S.A. 5504.* Neither may the parties to a proceeding extend the period of time for appeal by mutual agreement. Nor shall any extension of time be granted merely as a matter of indulgence. *42 Pa.C.S.A. 5504(b).* Thus, appellant is correct when she avers that the court below was without power to extend the time for the appeal. However, a review of the transcript made of the proceedings of December 10, 1980 convinces us that the court, in first vacating the original support order on November 13, 1980 and then vacating the order to vacate, did not act as it did in order to extend the time for appeal. When the court vacated its support order on November 13, 1980, the appellant was still within the appeal time of the October 17, 1980 support order. Since the court below vacated the original support order on November 13, 1980 (at appellant's request which was made ex parte) the appellant had nothing from which to appeal during the period of November 13, 1980 until December 10, 1980 when the court below vacated its vacate order. Were we convinced that the above-mentioned set of circumstances was designed for the purpose of extending the appeal period we would not countenance such actions and would quash the appeal. Because we are not so convinced we will not quash the appeal of the December 10, 1980 order vacating the vacate order of November 13, 1980.

It is apparent to us that on November 13, 1980 the court below realized the problem presented to us by the lack of a transcribed record of the proceedings of October 17, 1980. It then agreed to vacate said order. The problem was that it did so "ex parte" and when appellee rightfully complained of the ex parte nature of the vacate order the court had no choice but to vacate the vacate order. In doing so the court was careful to make a transcript of the December 10, 1980 proceeding for our benefit. Under these circumstances we will not quash the appeal.

■ Turning to the other issue we note that the only information before us relating to the substance of the case is a form containing pre-worded printed questions with type-written answers to them entitled "Testimony of Petitioner". Some of the printed questions are not answered. This "testimony" indicates that appellant is the father of three minor children, born December 7, 1974, January 15, 1976, and October 26, 1978; that he is employed at Colorgraphic Photography in Chinchilla, Pennsylvania; and, that he earns $26,000 per year (approximately). The "testimony" is notarized as of October 2, 1979. No testimony of the appellant appears, nor is there any cross-examination. It is apparent that this record is insufficient for appellate review. It may very well be the case that the court's order for support was entirely proper and that appellant's income could support a higher order. The difficulty is that we cannot determine whether that is the case from the meager record before us.

Appellee argues that at the conference held in the lower court's chambers appellant's counsel agreed on appellant's behalf to the amount of the support order. However, no deposition of appellant's trial counsel was taken, no proceeding was held in open court on the day of the support order, and the parties were not asked to witness their agreement with the support order by affixing their signatures to any writing or by so stating in open court. The difficulty to us in reviewing such a situation is apparent. Appellant now claims that he did not have an opportunity to cross-examine the appellee and that he was deprived of the opportunity to be heard. We have nothing in the record to indicate otherwise. A support order cannot be drawn against a party who has not had the opportunity to be heard. *Oressy v. Oressy*, 278 Pa.Super. 71, 419 A.2d 1362 (1980). Because the record does not contain anything indicating that appellant had agreed to the support order we reverse the court below and remand this matter back to it for a full hearing on the issue of the amount of the support order.

Order reversed and case remanded.