J-S76019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PHOEBE AWITI | |
| Appellant | No. 1858 EDA 2017 |

Appeal from the Judgment of Sentence Entered May 9, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-SA-0000124-2017

BEFORE:  PANELLA, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:          **FILED FEBRUARY 12, 2018**

Appellant Phoebe Awiti *pro se* appeals from the May 9, 2017 judgment of sentence entered in the Court of Common Pleas of Chester County ("trial court"), following her summary conviction for harassment under Section 2709(a)(3) of the Crimes Code, 18 Pa.C.S.A. § 2709(a)(3).  Upon review, we quash.

On November 29, 2016, Appellant received a non-traffic citation for harassment under Section 2709 based on her neighbor's complaint that Appellant and/or her minor children repeatedly banged on the interior wall of their apartment abutting the neighbor's apartment and Appellant's child threw stones against the rear sliding door of the neighbor's apartment.  On March 13, 2017, a magisterial district judge ("MDJ") found Appellant guilty of

---

[*] Retired Senior Judge assigned to the Superior Court.

harassment and sentenced her to pay a fine of $260.09. On March 23, 2017, Appellant filed a summary appeal to the trial court. Following a *de novo* hearing, on May 9, 2017, the trial court found Appellant guilty of harassment under Section 2709(a)(3) and sentenced her to pay a fine of $336.09. On June 9, 2017, Appellant petitioned the trial court to file a *nunc pro tunc* appeal. In her holographic petition, Appellant failed to provide any reasons for the delay in filing the instant appeal. Nonetheless, on July 5, 2017, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of appeal. Appellant complied, challenging the sufficiency of the evidence. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On August 1, 2017, we issued an order directing Appellant to show cause why this appeal should not be quashed as untimely filed on June 9, 2017, from the judgment of sentence imposed on May 9, 2017. Appellant responded, claiming in relevant part:

> I have been suffering from Endometriosis. A condition that leaves me with far worse and severe back pain and cramping for an extended period during my menstrual cycle. I experience excessively heavy periods, bleeding, and chronic fatigue, which hinders me from leaving the house. The duration can last up to ten days.

Appellant's Response, 8/11/17.

The Commonwealth urges us to quash this appeal because Appellant failed to file it within 30 days of the trial court's entry of judgment. As stated, the trial court sentenced Appellant on May 9, 2017 and informed her on the record that she had 30 days from the imposition of sentence to file an appeal.

*See* Pa.R.A.P. 903(a) ("[T]he notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."). Thus, Appellant had until Thursday, June 8, 2017 to appeal timely to this Court. She, however, failed to do so. Instead, on June 9, 2017, after her judgment of sentence had become final, she filed a petition to file a *nunc pro tunc* appeal that was devoid of any explanation for her failure to take a timely appeal.

Even though the trial court granted Appellant relief, we conclude that the trial court was without jurisdiction to do so. Appellant failed to allege in her petition for *nunc pro tunc* relief that she was prevented from filing a timely notice of appeal because of a breakdown in the processes of the trial court, fraud or its equivalent. *See Nicolais v. Nicolais*, 431 A.2d 1070, 1072 (Pa. Super. 1981) (citing 42 Pa.C.S.A. § 5504). Accordingly, Appellant's notice of appeal *sub judice* was untimely, rendering this Court, like the trial court, without jurisdiction. We, therefore, must quash this appeal.

Appeal quashed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/18

- 3 -